**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald W. Harwood, | ) No. CV 04-2677 PHX-DGC |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| Avalon Care Center - Chandler, LLC, | ) |
| Defendant. | ) |

Plaintiff has filed a Motion for Order Referring Case to a Magistrate Judge for Settlement Conference. *See* Doc. #19. Plaintiff asks the Court to Order the parties to participate in a settlement conference. Defendant opposes the motion, stating that "Defendant is not willing to participate in a settlement conference because, after an in-depth investigation, there is no evidence supporting any of [Plaintiff's] claims. It is [D]efendant's procedure not to make any offers in cases without merit . . . ." Doc. #20.

Federal Rule 16(a)(5) states that "the Court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as . . . facilitating the settlement of the case." Rule 16(c)(9) states that the Court may hold a pretrial conference to discuss "settlement and the use of special procedures to assist in resolving the dispute . . . ." Federal courts have held that these rules and a court's inherent authority authorize a district court to order parties to participate in settlement conferences and impose sanctions for failing to do so. *See, e.g., Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990); *Heileman*

*Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 651-55 (7th Cir. 1989). Courts have also held that the parties themselves, and not just their lawyers, may be required to attend and participate in settlement conferences. *Id.*

Although a court may order parties to participate in a settlement conference, it may not order them to make a settlement offer. A district court cannot coerce settlement. *Kothe v. Smith*, 771 F.2d 667, 669 (2nd Cir. 1985). Thus, where a party has made clear that it does not intend to make a settlement offer, compelling a settlement conference may well be a waste of time. The Advisory Committee Notes to Rule 16 state that "[t]he rule does not make settlement conferences mandatory because they would be a waste of time in many cases." Fed. R. Civ. P. 16 Advisory Committee's Note (1983 Amendment). The Advisory Committee also observed that "it is not the purpose of [Rule 16] to impose settlement negotiations on unwilling litigants . . . ." *Id.*

Given Defendant's refusal to make a settlement offer, the Court concludes that a settlement conference in this case would be a waste of the parties' and the Court's resources. For this reason, the Court will not order that a settlement conference be held before a magistrate judge.

**IT IS ORDERED** that Plaintiff's Motion for Order Referring Case to a Magistrate Judge for Settlement Conference (Doc. #19) is **denied**.

DATED this 24th day of January, 2006.

David G. Campbell
United States District Judge