**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald W. Harwood, | ) No. CV-04-2677-PHX-DGC |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| Avalon Care Center-Chandler, LLC, | ) |
| Defendant. | ) |

Pending before the Court is Defendant's motion for summary judgment. Doc. #27. Plaintiff has filed a response and Defendant has filed a reply. Docs. #38-39. For the reasons set forth below, the Court will grant the motion.[1]

**I.   Background.**

Plaintiff was employed by Defendant, a nursing home facility, as a certified nurse assistant ("CNA"). On May 8, 2004, another CNA, Evelyn Reasoner, reported that she witnessed Plaintiff transferring a patient from a bed to a chair. Ms. Reasoner alleged that Plaintiff dropped the patient into a chair. When the patient "flopped forward," she reported, Plaintiff pushed him "hard on the forehead to get him back in the chair." Doc. #28 Ex. 2; Doc. #36, Ex. 5. Defendant denies any abuse. Doc. #36 at 1.

---

[1] The Court will deny the request for oral argument because the parties have submitted memoranda thoroughly discussing the law and evidence and the Court concludes that oral argument will not aid its decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

1  Defendant discharged Plaintiff from his position on May 9, 2004. Doc. #3 ¶ 4.
2  Defendant states that Plaintiff was discharged because he was "not delivering the high
3  quality of care" required by Defendant. Doc. #5 at 2. Investigations by Defendant and the
4  Arizona Department of Health did not uncover sufficient evidence to conclude that Plaintiff
5  had been abusive toward patients. Docs. ##27 at 2; Doc. 38 Ex. 5.

6  On August 4, 2004, Plaintiff submitted a claim to the Equal Employment Opportunity
7  Commission ("EEOC") on the basis of gender discrimination. Plaintiff alleged that a female
8  CNA was accused of a similar violation of company policy but was not fired. Doc. #38
9  Ex. 3. In his amended complaint, Plaintiff states that his accuser, Ms. Reasoner, was herself
10  accused of abuse and Defendant permitted her to keep her job. Doc. #3 ¶ 6. Plaintiff further
11  alleged that his terms and conditions of employment were occasionally different from those
12  of his female counterparts. Doc. #28 Ex. 10. On August 27, 2004, the EEOC dismissed
13  Plaintiff's case and issued a Notice of Right to Sue letter. Doc. #28 Ex. 4.

14  Plaintiff amended his EEOC claim on October 13, 2004 to include a charge that he
15  was fired in retaliation for complaining about disparate terms and conditions of employment.
16  Doc. #3 Ex. 1. It does not appear that this charge was investigated by the EEOC.

17  **II.    Summary Judgment Standard.**

18  Summary judgment is appropriate if the evidence, viewed in the light most favorable
19  to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and
20  that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see*
21  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Only disputes over facts that might
22  affect the outcome of the suit . . . will properly preclude the entry of summary judgment."
23  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The disputed evidence must be
24  "such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.
25  Summary judgment may be entered against a party who "fails to make a showing sufficient
26  to establish the existence of an element essential to that party's case, and on which that party
27  will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.
28  / / /

1  **III.    Plaintiff's Gender Discrimination Claim**

2      **A.    Disparate Treatment Under Title VII**

3      "Under Title VII, an employer may not 'discriminate against an individual with
4  respect to . . . terms, conditions, or privileges of employment' because of . . . sex.  42 U.S.C.
5  § 2000e-2(a).  This provision makes 'disparate treatment' based on sex a violation of federal
6  law."  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061-62 (9th Cir. 2002) (citing
7  *Llamas v. Butte Comm. Coll. Dist.*, 238 F.3d 1123, 1126-27 (9th Cir. 2001)).

8      **B.    Plaintiff's Burden of Establishing a *Prima Facie* Case of Discrimination.**

9      To show disparate treatment under Title VII, Plaintiff must first establish a
10 *prima facie* case of discrimination.  *Id.* at 1062 (citing *McDonnell Douglas Corp. v. Green*,
11 411 U.S. 792, 802 (1973)).  Specifically, Plaintiff must show that (1) he belongs to a
12 protected class, (2) he was qualified for the position, (3) he was subjected to an adverse
13 employment action, and (4) similarly situated women were treated more favorably.  *Id.*
14 (citing *McDonnell Douglas*, 411 U.S. at 802; *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502,
15 506 (1993)).  The Ninth Circuit "has explained that under the *McDonnell Douglas*
16 framework, 'the requisite degree of proof necessary to establish a prima facie case for Title
17 VII on summary judgment is minimal and does not even need to rise to the level of a
18 preponderance of the evidence.'"  *Id.* (quoting *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889
19 (9th Cir. 1994)); *see Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998).
20 "'Establishment of the prima facie case in effect creates a presumption that the
21 employer unlawfully discriminated against the employee.'" *Id.* (quoting *Texas Dep't of Cmty.*
22 *Affairs v. Burdine*, 450 U.S. 248, 254 (1981)).

23     Defendant does not specify whether it disputes that Plaintiff has established his *prima*
24 *facie* case, but does not appear to dispute that Plaintiff is a member of a protected class
25 (male), was qualified, and was subjected to an adverse employment action (termination).
26 Defendant does argue generally with respect to the last *prima facie* requirement that
27 Plaintiff's allegation of gender-based disparate treatment is unsupported by any evidence.
28 / / /

Plaintiff has presented evidence that he was fired after being accused of abuse, and that Ms. Reasoner was not fired after she was accused of abuse. Although Plaintiff's evidence on this point is general and conclusory, the Ninth Circuit has held, as noted above, that very little evidence is required to establish a *prima facie* case. Construed in Plaintiff's favor, this evidence is sufficient to establish a *prima facie* case.

**C.     Defendant's Burden of Producing a Nondiscriminatory Reason.**

"If the plaintiff establishes a prima facie case, the burden of production – but not persuasion – then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action." *Villiarimo*, 281 F.3d at 1062 (citing *McDonnell Douglas*, 411 U.S. at 802). Once the employer fulfills this burden of production, the "presumption of unlawful discrimination 'simply drops out of the picture.'" *Wallis*, 26 F.3d at 889 (quoting *St. Mary's Honor Ctr.*, 509 U.S. at 507).

Defendant asserts that it terminated Plaintiff because he was "not delivering the high quality of care" required of its employees, notwithstanding the fact that Defendant concedes a lack of evidence to prove Plaintiff had abused any patients. Moreover, Defendant offers affidavits stating that Ms. Reasoner was never accused of abuse and that Defendant had previously fired female employees who "did not provide the loving care required." The Court finds Defendant's articulated reason for termination to be legitimate and nondiscriminatory, and concludes that Defendant has met its burden of production.

**D.     Plaintiff's Burden of Establishing Pretext**.

If the employer sufficiently articulates a nondiscriminatory reason, the plaintiff "must produce evidence in addition to that which was sufficient for his prima facie case in order to rebut the [employer's] showing." *Godwin*, 150 F.3d at 1220 (citing *Wallis*, 26 F.3d at 890). "[T]he plaintiff must show that the articulated reason is pretextual 'either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Villiarimo*, 281 F.3d at 1062 (quoting *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1124 (9th Cir. 2000)); *see Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1194 (9th

1 Cir. 2003); *Burdine*, 450 U.S. at 256. If a plaintiff seeks to establish pretext by indirect 2 evidence, the evidence "must be both 'specific' and 'substantial' in order to create a triable 3 issue with respect to whether the employer intended to discriminate on the basis of sex." 4 *Godwin*, 150 F.3d at 1222 (citations omitted); *see Villiarimo*, 281 F.3d at 1062.

5 Plaintiff provides no direct evidence of pretext or gender discrimination. Plaintiff 6 instead seeks to establish pretext through indirect evidence, asserting that his alleged abuse 7 of the patient never occurred. Plaintiff's affidavit recounts two reports of abuse made by Ms. 8 Reasoner and then simply asserts that "[n]either one of these versions is true." Doc. #38, 9 Ex. 4. No additional information is provided. Plaintiff does not explain what did happen 10 with the patient, when and where it occurred, or whether there was reason for Defendant's 11 management to disbelieve Ms. Reasoner's report. Plaintiff presents nothing more than a 12 conclusory denial.

13 "[W]here, as here, the nonmoving party relies only on his own affidavit to oppose 14 summary judgment, '[he] cannot rely on conclusory allegations unsupported by factual data 15 to create an issue of material fact.'" *Delange v. Dutra Constr., Co., Inc.*, 183 F.3d 916, 921 16 (9th Cir. 1998) (citation omitted). "When evidence to refute the defendant's legitimate 17 explanation is totally lacking, summary judgment is appropriate even though plaintiff may 18 have established a minimal *prima facie* case." *Wallis*, 26 F.3d at 890-91.

19 Moreover, a fact issue is genuine, and therefore sufficient to defeat summary 20 judgment, only "if the evidence is such that a reasonable jury could return a verdict for the 21 nonmoving party." *Anderson*, 477 U.S. at 248. Plaintiff has presented no evidence from 22 which a reasonable jury could conclude that his version of events is true and Ms. Reasoner's 23 false. The Ninth Circuit has refused to find a "genuine issue" where the only evidence 24 presented is "uncorroborated and self-serving" testimony. *Kennedy v. Applause, Inc.*, 90 25 F.3d 1477, 1481 (9th Cir.1996).[2]

---

27 [2] Plaintiff submits a state report finding that the alleged abuse could not be 28 substantiated. Doc. #38, Ex. 5. But Plaintiff presents no evidence to suggest that the standard of abuse for the state agency was the same as Defendant's standard of patient care.

- 5 -

Plaintiff asserts in his affidavit that Ms. Reasoner was accused of abuse and not fired, but he provides no supporting facts or evidence – no statement of when the accusation was made, by whom, concerning what abuse, or how it was handled. Plaintiff asserts that he would ask female nurses or CNAs to help him and that they usually refused. Plaintiff again provides no supporting facts or information, and this assertion contradicts Plaintiff's deposition testimony that female coworkers did for him "whatever I needed them to do." Doc. #28, ¶22. Plaintiff does not dispute Defendant's assertions that he was replaced by a male employee, that Defendant routinely dismissed employees who failed to provide loving care to patients, that Ms. Reasoner's supervisor stated there were no complaints against Ms. Reasoner, and that Ms. Reasoner's personnel file supports Ms. Reasoner's assertion that no accusations of abuse were ever made against her. *Compare* Doc. #28, ¶¶ 16, 18, 28-30 *with* Doc. #36.

The Court concludes that Plaintiff has not provided the "specific and substantial" indirect evidence required to create a triable issue of fact. *Godwin*, 150 F.3d at 1222; *Villiarimo*, 281 F.3d at 1062. Plaintiff presents only general conclusions unsupported by specific or substantial facts or evidence. Because Defendant has articulated a legitimate, non-discriminatory basis for Plaintiff's termination and Plaintiff has not produced direct evidence or specific and substantial indirect evidence of pretext, summary judgment will be granted in Defendant's favor.

**IV.    Plaintiff's Retaliation Claim.**

Plaintiff claims that he was fired in retaliation for reporting complaints to Defendant regarding disparate terms and conditions of employment. Title VII "prohibits retaliation against an employee 'because he has opposed any practice made an unlawful employment practice by [that] title'" *Nelson v. Pima Cmty. College*, 83 F.3d 1075, 1082 (9th Cir. 1996) (quoting 42 U.S.C. §200e-3(a)). As a Title VII action, a retaliation claim is resolved under the *McDonnell Douglas* framework. A plaintiff must first establish a *prima facie* claim, the defendant must then offer a legitimate, nondiscriminatory reason for its actions, and the plaintiff must then show pretext. *See McDonnell Douglas*, 411 U.S. at 802.

1          **A.     Plaintiff's Burden of Establishing a *Prima Facie* Case.**

2          A plaintiff makes a *prima facie* case of unlawful retaliation by producing evidence that (1) he engaged in or was engaging in an activity protected by Title VII, (2) the employer subjected him to a material adverse action, and (3) there was a causal link between the protected activity and the adverse action. *See Vasquez v. County of L.A.*, 349 F.3d 634, 642 (9th Cir. 2004); *Lyons v. England*, 307 F.3d 1092, 1118 (9th Cir. 2002).

          Plaintiff relies on his affidavit, in which he states that female CNAs usually refused to assist him with lifting of patients and other duties, while he was required to assist females. Plaintiff argues that he was fired for making complaints about this alleged disparity.

          Although Plaintiff's alleged complaints about disparate treatment would generally be considered protected activity, *see Passantino v. Johnson & Johnson Consumer Prods., Inc*, 212 F.3d 493, 506 (9th Cir. 2000), Plaintiff has provided no facts to support his claim. Plaintiff's affidavit does not provide dates on which he complained, identify the persons to whom he complained, provide details of any complaints, or indicate whether any action was taken as a result of the complaints. (Defendant has produced an affidavit from Plaintiff's former supervisor stating that Plaintiff never complained. Doc. #28 Ex. 12.) Plaintiff fails to identify a single witness who will testify that he complained about disparate treatment, and fails to present evidence of a causal link between his termination and the alleged protected activity, or even to offer an explanation as to why he believes the two are related.

          Additionally, Plaintiff's own testimony regarding treatment of men and women at Defendant's facility is inconsistent with his affidavit, further undermining his *prima facie* case. In deposition, Plaintiff stated that his employment at Defendant's facility was "great," that he would "assist [female CNA's] with whatever they needed," and that "they would return the favor with me, whatever I needed them to do." Doc. #28, Ex. 14. Plaintiff also indicated that it was commonplace for CNAs to help each other out, both at Defendant's facility and at other residential homes. *Id.*

          Plaintiff's *prima facie* case of gender discrimination, although minimal, at least included some facts. Plaintiff alleged some details, such as the name of the person allegedly

accused of abuse. And there was only one element of the gender discrimination *prima facie* case that was doubtful. On his retaliation claim, however, Plaintiff provides no details whatsoever, and the only element of the *prima facie* case Plaintiff establishes is that he was terminated. Plaintiff's affidavit is simply too conclusory, devoid of evidence, and contradictory of Plaintiff' own testimony to establish a *prima facie* case of retaliation.

Moreover, even if Plaintiff was able to establish his *prima facie* case, he has failed to present evidence of pretext. Defendant's legitimate and non-discriminatory reason for termination remains the same, and, as described above, Plaintiff has failed to present direct or indirect evidence that the reason was pretext.

Because Plaintiff has failed to establish a *prima facie* case of retaliation and has also failed to present evidence of pretext, summary judgement will be granted on Plaintiff's retaliation claim.

Given these rulings, the Court will deny Defendant's Motion to Strike as moot.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. #27) is **granted**.

2. The Clerk is directed to terminate this action.

DATED this 10th day of August, 2006.

_____
David G. Campbell
United States District Judge